[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-10235

_____

JUST PLAY, LLC,

Plaintiff-Counter
Defendant-Appellee,

*versus*

FITZMARK, INC.,

Defendant-Counter
Claimant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:20-cv-80663-AMC

_____

Before WILSON, JORDAN, and BRASHER, Circuit Judges.

PER CURIAM:

FitzMark, Inc., a company which provides warehousing services, appeals from a $3.9 million jury verdict in favor of Just Play, LLC, on a claim of promissory estoppel. FitzMark argues that the district court erred (1) in denying its Rule 50 motion for judgment as a matter of law and (2) in instructing the jury on promissory estoppel and in formulating the verdict form. Following oral argument and a review of the record, we affirm.

We review the district court's denial of FitzMark's Rule 50 motion de novo, understanding that such a motion should be granted "only when the plaintiff presents no legally sufficient evidentiary basis for a reasonable jury to find for [it] on a material element of [its] cause of action." *St. Louis Condo. Ass'n, Inc. v. Rockhill Ins. Co.*, 5 F.4th 1235, 1242 (11th Cir. 2021) (citation and internal quotation marks omitted). Applying the elements of promissory estoppel under Florida law as set forth in *W.R. Grace & Co. v. Geodata Servs., Inc.*, 547 So.2d 919, 924 (Fla. 1989), we conclude that the jury had before it sufficient evidence to render a verdict in favor of Just Play. There was evidence that FitzMark made promises about the warehousing services that it would provide, that Just Play relied on those promises to its detriment, that FitzMark did not deliver on its promises, and that injustice could be avoided only through enforcement of those promises. Insofar as FitzMark

argues that the jury could only have found that the relationship between the parties was governed by the May 2, 2018 Rate Quotation and Contract it provided to Just Play, we agree with the district court that the conflicting evidence created a jury question on the existence of an oral or written contract, *see* D.E. 209 at 2–3, and that, in light of the evidence presented at trial, a jury could have reasonably found that the parties did not enter into a written agreement. *See* D.E. 248 at 4–5.

Turning to the jury instruction, we see no abuse of discretion. "A district court has broad discretion in formulating jury instructions," *Christopher v. Cutter Labs., Inc.*, 53 F.3d 1184, 1190 (11th Cir. 1995), and FitzMark has not provided us with any authorities that require a jury instruction on promissory estoppel under Florida law to set out the alleged promises verbatim. The main case that FitzMark relies on, *R.J. Reynolds Tobacco Co. v. Prentice*, 290 So.3d 963, 965–66 (Fla. 1st DCA 2019), *approved*, 338 So.3d 831 (Fla. 2022)—which involved a concealment conspiracy—is distinguishable because it involved a jury instruction that did not tell the jury that it had to find that the plaintiff relied on any specific statements. Even the jury instruction proposed by the defendant in *Prentice* (which the First District determined was a correct statement of the law and should have been given) did not set out the alleged statements in detail. *See Prentice,* 290 So.3d at 965. For essentially the same reason, the district court did not err in submitting to the jury a verdict form that did not list the alleged promises in detail.

4                          Opinion of the Court                    22-10235

AFFIRMED.

USCA11 Case: 22-10235    Document: 57-1    Date Filed: 02/01/2023    Page: 4 of 4